IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID KEYS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-1210 |
| | : | |
| TODD BICKEL, et al. | : | |

## ORDER

AND NOW, this 7th day of January 2013, upon careful and independent consideration of Petitioner David Keys's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Reuter, it is ORDERED:

1. Keys's objections to the Report and Recommendation are OVERRULED[1]

---

[1] In his Report and Recommendation, Judge Reuter recommends Keys's habeas petition be dismissed as barred by the applicable one-year statute of limitations because Keys filed the petition more than one year after his conviction became final and there is no basis for statutory or equitable tolling of the statute of limitations. Keys filed objections, arguing the habeas limitations period should be equitably tolled due to governmental interference because the Department of Corrections withheld his legal papers when he was placed in isolation and transferred to another state institution. Because this Court finds Keys's objection meritless and agrees with Judge Reuter's recommendation, Keys's objections to the Report and Recommendation are overruled.

     Keys has not established a basis for equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citation omitted). He argues that the Department of Corrections withheld his legal papers; however, the exhibits and documentation he submitted in support of his objection do not support his claim. In a response to a grievance Keys made about the alleged withholding of his legal papers, the Grievance Officer explained that before Keys was transferred, he was allowed to retrieve all of his legal paperwork, with the exception of "UCC paperwork," which he was not authorized to retain. ECF No. 22 at 12; *See Monroe v. Beard*, 536 F.3d 198, 209 (3d Cir. 2008) (finding that the confiscation of defendant's UCC related materials was constitutionally reasonable). Therefore, it appears Keys did obtain the relevant legal paper, contrary to his assertions in his objection. The temporary confiscation of his legal papers is not grounds for equitable tolling of the statute of limitations.

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The petition for writ of habeas corpus is DISMISSED as untimely;

4. Petitioner's Request for a Hearing (Document 8) is DENIED;

5. Petitioner's Application for Appointment of Counsel (Document 9) is DENIED;

6. There is no probable cause to issue a certificate of appealiability; and,

7. The Clerk of the Court shall mark this case CLOSED.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.